**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| REYNALDO LEONIDES MONTOYA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-4053-FB |
| | § | |
| SYLVESTER M. ORTEGA, Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; and ROSE THOMPSON, Warden of Karnes County Immigration Processing Center, | § § § § § § § § § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Reynaldo Leonides Montoya's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), Federal Respondents Response to the Petition (ECF No. 3), and Petitioner's Motion to Set Hearing, or in the Alternative, to Issue a Decision Based on Submissions (ECF No. 6). Upon review, the Court finds that the Petition must be and hereby is **DENIED** for the reasons below.

Petitioner entered the United States without inspection and without apprehension in 2003 via the United States-Mexico Border. Petitioner was apprehended by a state trooper near Austin, Texas, on or about June 18, 2026, during a routine traffic stop. He was questioned about his status in the country, ICE agents were called and took him into custody, and he remains mandatorily detained[1] pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings.[2] (ECF No. 1.) Petitioner challenges

[1] Https://locator.ice.gov./odls/#/results (last accessed on November 10, 2026).

[2] An immigration judge granted petitioner's voluntary departure on October 29, 2026. An appeal of that order is due by November 30, 2026. *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed on November 10, 2026).

his detention as violating the Immigration and Nationality Act (INA) and his right to due process.[3]

Petitioner's statutory basis for relief—i.e., that the INA's discretionary detention provision applies and entitles him to a bond hearing (*see* ECF No. 1 at 11)—was foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). As such, all applicants for admission, like Petitioner, are subject to mandatory detention during the pendency of removal proceedings. *Id.*

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief (*see* Dkt. No. 1 at pages 9-11), holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (*en banc*) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that

[3] Petitioner also asserts entitlement to habeas relief based on the Administrative Procedure Act (APA). (ECF No. 1 at page 12). That claim is **DISMISSED**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[4]

Accordingly, Petitioner's request for habeas relief (ECF No. 1) must be denied. Therefore, IT IS HEREBY ORDERED that Petitioner Reynaldo Leonides Montoya's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that motions pending, including Petitioner's Motion to Set Hearing, or in the Alternative, to Issue a Decision Based on Submissions (ECF No. 6), are DENIED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 10th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE

[4] The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.*